Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2436 | **DATE** | 7/14/2000 |
| **CASE TITLE** | | Maglione vs. Cottrell, Inc. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies plaintiff's motion to remand. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | |
|---|---|---|
| ✓ | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 18 2000 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| OR | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARIO MAGLIONE and )
CORI MAGLIONE, )
)
      Plaintiffs, )
)
vs. ) Case No. 00 C 2436
)
COTTRELL, INC., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On August 9, 1999, plaintiffs Mario and Cori Maglione, both Illinois citizens, filed a lawsuit in state court against Cassen Transport Company, an Illinois corporation, and Cottrell, Inc., a Delaware corporation with its principal place of business in Georgia. In their amended complaint, they claimed that on August 23, 1997, Mr. Maglione was standing on a car hauler designed by Cottrell and sold to Cassen, and that due to various defects in the hauler and the lack of appropriate warnings, safety devices, and instructions, he fell from the hauler's upper level onto the ground, suffering injuries. Plaintiffs brought claims for negligence and loss of consortium.

On February 18, 2000, the state court granted Cassen's motion for summary judgment. The parties have not provided the Court with a copy of the motion, but Cottrell states, and plaintiffs do not dispute, that Cassen argued that it had not manufactured or designed the hauler and that though it had once owned the hauler it had made no changes to it. According to



defendant, the state court's February 18 order stated that "plaintiff has confessed to the motion for summary judgment"; plaintiffs do not dispute this. The state court, however, gave plaintiffs leave to amend within 60 days. Plaintiffs took no action within this period and indeed did nothing until after it had expired, when they moved the state court to extend the time, saying that their counsel had been occupied with other matters. By that time, however, Cottrell had already removed the case to this Court.

In Illinois, plaintiffs in personal injury suits are forbidden by law from putting an *ad damnum* into their complaint except to the extent necessary to comply with local court rules of assignment. 735 ILCS 5/2-604. On March 2, 2000, Cottrell served a request to admit facts pursuant to Illinois Supreme Court Rule 216 asking plaintiffs to "admit or deny that the damage award to plaintiff, Mario Maglione, will in no event exceed $75,000." Supreme Court Rule 216(c) says that a request is deemed admitted unless the party serves within 28 days a sworn denial or statement setting forth in detail the reasons why he cannot truthfully admit or deny the subject of request for admission. Mr. Maglione responded on March 31 by stating, "I . . . can neither admit nor deny the truth of the above stated Request for Admission of Facts because I cannot predict what verdict a jury may or may not render in any given case; however, I am informed that the damage to my lower limb is permanent and I am informed that I will continue to need medical care." Cottrell considered this sufficient to constitute a failure to admit that plaintiffs' damages would be less than $75,000, and on April 20, 2000, it removed the case to this Court, attaching the response to the request for admission, and stating that it believed in good faith that the amount in controversy exceeded $75,000. *See* N.D. Ill. L.R. 81.2.

Plaintiffs have now moved to remand the case to state court.

The statute governing the procedure for removal says that when (as here) "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction [based on diversity of citizenship] more than 1 year after commencement of the action." 28 U.S.C. §1446(b). Plaintiffs argue that under §1446(b), a suit in which a non-diverse defendant is sued and later dismissed is removable only if the plaintiff voluntarily dismissed the non-diverse defendant. *Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992), so holds, based primarily on considerations of judicial economy: as the court noted, removal following an involuntary dismissal may be only temporary, as the plaintiff may appeal the dismissal, and if successful on appeal diversity of citizenship would be destroyed, compelling remand of the case to state court.

The dismissal of Cassen, however, was voluntary; though Cassen moved for summary judgment, plaintiffs have not disputed that the order granting the motion stated that they had "confessed" to the motion. Even if the dismissal could somehow be deemed involuntary, there is an exception to the voluntary dismissal requirement: if the non-diverse defendant was joined fraudulently (meaning without a chance of success, whatever the plaintiffs' motive), then removal is proper even when the dismissal was involuntary. *Poulos*, 959 F.2d at 73. Defendants argue that the initial joinder of Cassen was fraudulent within the meaning of *Poulos*. Plaintiffs do not dispute this; they argue only that this part of *Poulos* does not apply to their case, because the summary judgment order as to Cassen was not a final order within the meaning of Illinois Supreme Court Rule 304(a), as it did not dispose of the entire lawsuit and no finding of

3

immediate appealability was made. That is a distinction without a difference. Plaintiffs cannot deprive Cottrell of a federal forum simply by refusing to seek a Rule 304(a) appealability finding. The Court concludes that Cassen was fraudulently joined, thus permitting removal even if the dismissal of that defendant was involuntary.

Plaintiffs also argue that they have never admitted that the amount in controversy exceeds $75,000. Indeed they have not; they say they do not know what their damages will be. But they were unwilling to limit their recovery to an amount below $75,000, and defendants have stated a good faith belief that the amount in controversy exceeds that amount. On the face of things at least, defendants' belief seems reasonable; Mr. Maglione claims that he suffered a serious and permanent injury, requiring ongoing medical care. This is sufficient to permit removal. Plaintiffs cannot deprive Cottrell of a federal forum simply by refusing to commit to a damage figure.

For these reasons, the Court denies plaintiffs' motion to remand.

MATTHEW F. KENNELLY
United States District Judge

Date: July 14, 2000

4